UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIAN R. HOOD, JR.,

    Plaintiff,

v.

MEGAN J. BRENNAN, Postmaster,
United States Postal Service,

    Defendant.
_____/

HON. GORDON J. QUIST

Case Nos.  1:14-CV-1104;
                 1:14-CV-1180;
                 1:14-CV-1181;
                 1:14-CV-1182;
                 1:14-CV-1183; and
                 1:14-CV-1195

## **OPINION**

Pro se Plaintiff Julian R. Hood, Jr. is a former employee of the United States Postal Service (USPS). Hood's employment with the USPS terminated in April of 2004. Commencing on October 24, 2014 and continuing through November 20, 2014, Hood filed a flurry of six lawsuits against the USPS, all of which essentially relate to his employment that ended more than a decade ago.[1] Each lawsuit alleges a different claim based, more or less, on the same or related facts. Hood alleges claims for violation of the Rehabilitation Act of 1973 (Case Nos. 1:14-CV-1104 and 1183), 42 U.S.C. § 1983 (Case Nos. 1:14-CV-1180 and 1181), 42 U.S.C. § 1981, (Case No. 1:14-CV-1182), and Title VII of the Civil Rights Act of 1964 (Case No. 1:14-CV-1195).

The USPS has moved to dismiss all of Hood's complaints on a number of grounds, but primarily because they are barred by a settlement agreement that Hood entered into with the USPS almost a decade before he filed the first of his six lawsuits before this Court and because they are also barred by the applicable statutes of limitations. Hood has filed a response and has also filed a

---

[1] Hood also filed three more lawsuits in 2015, against the USPS (1:15-CV-434), the Michigan Postal Workers Union, Western Michigan Area Local #281 and the American Postal Workers Union, AFL-CIO (1:15-CV-435), and the USPS and others (1:15-CV-436), all of which concerned his employment with the USPS or post-employment administrative proceedings. The Court dismissed all three cases on screening pursuant to 28 U.S.C. § 1915(e)(2) on the grounds that his claims were barred by the statute of limitations.

motion to amend his complaint to seek review of an April 29, 2014 decision of the Merit Systems Protection Board and an October 16, 2014 decision of the Equal Employment Opportunity Commission (EEOC).[2]

For the foregoing reasons, the Court will grant the USPS's motions to dismiss in all cases and dismiss Hood's complaints with prejudice. In addition, the Court will deny Hood's motion to amend.

## I. BACKGROUND[3]

Hood became employed with the USPS on October 23, 1999 as a Part-time Flexible Mail Processing Clerk. In August 2003, Hood was given a Notice of Removal informing him that he would be removed from his employment with the USPS on October 11, 2003 based on his failure to maintain regular attendance and his failure to adhere to a Last Chance Agreement issued on October 30, 2002. (Dkt. # 8, Agency File Pt. 1.1, Tab 4Z.) Hood file a grievance through his union challenging the removal, but his grievance was denied. (*Id.* Tabs 4X, 4Y.)

On September 30, 2003, Hood filed a formal Equal Employment Opportunity (EEO) complaint alleging discrimination based on disability and denial of Family and Medical Leave Act (FMLA) leave. (*Id.* Tab. 4U.) Hood was represented by counsel in connection with the prosecution of his EEO complaint. Hood eventually expanded his complaint to include discrimination on the

---

[2] Hood filed a response to the USPS's motions only in Case No. 1:14-CV-1104 (dkt. # 19). Likewise, Hood filed his motion to amend only in Case No. 1:14-CV-1104. It appears that Hood intended his response to the USPS's motion to address the USPS's motions to dismiss in all cases, although it is not responsive to certain arguments the USPS made cases other than 1:14-CV-1104.

[3] Although a court is normally precluded from considering matters outside of the pleadings in addressing a motion under Rule 12(b)(6), courts may consider various documents without converting the motion to a motion for summary judgment. "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted). As the USPS notes in its brief, in Case No. 1:14-CV-1104, Hood filed a CD containing various documents to which Hood refers in his corrected amended complaint. Because Hood refers to the same documents in all of his complaints in the other cases, the Court may consider such documents in ruling on the instant motions to dismiss.

basis of disability, sex, and race; retaliation based on his protests of discrimination by Linda Jones and on his filing of EEO complaints; hostile work environment; and denial of FMLA rights. (*Id.*)

On November 18, 2005, Hood settled all of his pending claims against the USPS, as set forth in a written Stipulation and Settlement Agreement (Settlement Agreement). (*Id.*, Agency File Pt. 1, Tab 4J.) Pursuant to the Settlement Agreement, the USPS agreed to pay Hood $444.00 for compensatory damages and to pay Hood's counsel $2,056.00 in attorneys' fees. (Settlement Agreement at 2, ¶ 4.) In addition, the USPS agreed to change the nature of the personnel action from "Removal" to "Resignation." (*Id.* ¶ 3.) For his part, Hood agreed to withdraw his EEO complaint and "all other employment discrimination claims and grievances that [were] pending or could have been brought against . . . . the [USPS] as of" November 18, 2005, (*id.* at 1, ¶ 1), and Hood further agreed that the settlement consideration was "in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, including but not limited to the claims alleged herein and any claims against the [USPS] . . . . on account of the same subject matter that gave rise to the above-captioned lawsuit." (*Id.* at 2–3, ¶ 6.) The USPS paid the amounts to Hood and his counsel required by the Settlement Agreement, and changed his removal status to a voluntary resignation.

At the time Hood signed the Settlement Agreement, he was also pursuing a separate claim with the Office of Workers' Compensation Programs (OWCP), in which he claimed that an on-the-job incident resulted in workplace stress that caused him to miss work while he had been employed. Hood's OWCP claim was excluded from the scope of the Settlement Agreement. The Department of Labor partially accepted Hood's OWCP claim on July 12, 2006, and awarded him compensation from December 21, 2000 through January 12, 2001, for a single episode of Major Depressive Disorder. The OWCP later determined that Hood was not entitled to benefits after July 18, 2003.

(Dkt. # 1 at Page ID#3.) On December 14, 2007, the Office of Personnel Management approved Hood's application for a disability retirement. (*Id.*)

On November 18, 2013, Hood filed an appeal with the Merit Systems Protection Board (MSPB), requesting that it review his suspension, removal, and failure to restore him to duty following his partial recovery from a compensable injury. (*Id.* at Page ID#1.) Hood also alleged that his case was a "mixed-case" appeal, alleging that USPS's personnel action was motivated, in part, by unlawful discrimination. *See* 5 U.S.C. § 7702(a)(1) (describing elements of a "mixed case" which the MSPB may review). The USPS moved to dismiss Hood's appeal for lack of jurisdiction, arguing that: (1) the USPS terminated Hood for absences that were unrelated to his OWCP claim; (2) that Hood had not been removed because, pursuant to the Settlement Agreement, Hood had voluntarily resigned; and (3) Hood's appeal was untimely and Hood was not entitled to an appeal because he failed to show that he met the statutory criteria for an appeal. *See* 39 U.S.C. § 1005(a).

On April 29, 2014, the MSPB issued a decision dismissing Hood's appeal because Hood "failed to make a non-frivolous allegation that the Board has jurisdiction over his appeal." (Dkt. # 1 at Page ID#1.) In particular, the MSPB found that Hood did not meet the statutory criteria to obtain review of his suspension and removal by the USPS. (*Id.* at Page ID#3.) The MSPB also declined to hear Hood's 2001, 2003, and 2004 denial of restoration claims under 5 C.F.R. § 353.304(c) because he failed to make non-frivolous allegations supporting jurisdiction to review such claims and because Hood waived his right to appeal such issues under the Settlement Agreement. (*Id.* at Page ID##5–7.) Finally, the MSPB declined to reach Hood's allegations that the USPS made employment decisions on the basis of race because Hood failed to establish a basis for jurisdiction. (*Id.*)

On July 3, 2014, Hood filed a petition with the Equal Employment Opportunity Commission (EEOC) seeking review of the MSPB's final order, arguing that his case presented a "mixed-case"

4

appeal. On October 16, 2014, the EEOC issued a decision concluding that Hood failed to demonstrate jurisdiction for the appeal. The EEOC stated that because the MSPB concluded that it had no jurisdiction, there was no reason for the EEOC to consider the matter a "mixed case" because the MSPB did not address any matters within the EEOC's jurisdiction. (Dkt. # 1-2.) As part of the dismissal of Hood's appeal, the EEOC notified Hood of his right to file a civil action in an appropriate district court for review of the MSPB's decision.

On October 24, 2014, Hood initiated Case No. 1:14-CV-1104 in this Court by filing a copy of the MSPB's April 29, 2014 decision, with a copy of the EEOC's October 16, 2014 decision attached. On November 3, 2014, the Court entered an Order notifying Hood that the copies of the MSPB and EEOC decisions did not meet the requirements of a complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure and directing Hood to file a complaint. (Dkt. # 6.) Thereafter, Hood filed an amended complaint (dkt. # 7), and a corrected amended complaint (dkt. # 9), alleging a claim under the Rehabilitation Act.

## II. MOTION STANDARD

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). The court must accept all of the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."  *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

**A.    Case No. 1:14-CV-1104**

As noted above, in Case No. 1:14-CV-1104, Hood alleges claims for discrimination under the Rehabilitation Act.  Because Hood is proceeding *pro se*, the Court must construe Hood's complaint liberally.  *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).  Under such a construction, the Court discerns that Hood may also be asserting racial discrimination claims pursuant to Title VII.  Nonetheless, all of Hood's claims are based on events that occurred during his employment with the USPS.  These claims are subject to dismissal for several reasons.

First, Hood's claims are squarely within the scope of the claims Hood released in the Settlement Agreement.  The Sixth Circuit has long held that public policy favors settlement of cases without litigation, and settlement agreements should be upheld when it is equitable to do so.  *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976); *see also Kukla v. Nat'l Distillers Prods. Co.*, 483 F. 2d 619, 621 (6th Cir. 1973) (noting "the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation").  When the terms of a settlement agreement are unambiguous, a court should enforce it as written.  *Johnson v. Flowers*, 227 F. App'x 465, 467–68 (6th Cir. 2007).  The Settlement Agreement that Hood signed covered not only the employment discrimination claims that Hood had asserted against the USPS in the

EEOC proceeding, but also "any and all claims, demands, rights, and causes of action of whatsoever kind and nature [that Hood had against the USPS], arising from . . . the same subject matter that gave rise to the above-captioned lawsuit." In short, in exchange for the settlement consideration, Hood gave up any claims, whether asserted or not, that he might have had against the USPS arising out of his employment. The Rehabilitation Act claims are the very same claims covered by the Settlement Agreement.

Hood does not dispute that his claims are covered by the Settlement Agreement. Instead, he requests that he be permitted to challenge the Settlement Agreement on unspecified grounds. However, Hood fails to cite any legal basis for his request. Initially, the Court notes that Hood fails to show that this Court has jurisdiction to entertain a challenge to the Settlement Agreement. In addition, Hood fails to cite any valid legal basis for setting aside the Settlement Agreement. On this point, it is significant that Hood was represented by counsel when he signed and accepted the Settlement Agreement and the USPS fulfilled all of its obligations thereunder. Finally, even if Hood were able to identify any sort of equitable basis for challenging the Settlement Agreement, such challenge would be untimely, as Hood delayed taking action for far too long (almost ten years).

Even if Hood's claims were not barred by the Settlement Agreement, they would still be subject to dismissal because Hood failed to exhaust his administrative remedies before filing suit. A plaintiff asserting a discrimination claim under the Rehabilitation Act must exhaust his administrative remedies prior to filing suit. *Smith v. United States Postal Serv.*, 742 F.2d 257, 262 (6th Cir. 1984) (per curiam). The same is true for discrimination claims under Title VII. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832, 96 S. Ct. 1961, 1967 (1976)). To exhaust claims under both Title VII and the Rehabilitation Act, a federal employee must initiate contact with a counselor within forty-five days of the date of the matter alleged to be discriminatory or, in the case of personnel action,

7

within forty-five days of the effective date of the action. 29 C.F.R. § 1614.105(a). "Only after these procedures have been exhausted, and the plaintiff has obtained a 'right to sue' letter from the EEOC, may he or she bring a Title VII action in court." *Patterson v. McLean Credit Union*, 491 U.S. 164, 181, 109 S. Ct. 2363, 2375 (1989). Failure to timely exhaust is cause for dismissal of the complaint by both the agency and the district court. *Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003). There is no indication that Hood timely exhausted his discrimination claims with the EEOC.

Hood does not dispute that he failed to timely exhaust his claims, but he argues that the Court should apply the doctrines of equitable tolling and estoppel to conclude that his claims are timely. "[T]he forty-five day period is not a jurisdictional prerequisite, and can be tolled where principles of equity demand it." *Id.* Courts should apply the doctrine of equitable tolling "only sparingly," and it should thus be "available only in compelling cases which justify a departure from established procedures." *Id.* (internal quotation marks omitted). In determining whether equitable tolling is appropriate, courts consider the following factors: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (citing *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988)). None of these factors weighs in favor of equitable tolling in this case. Hood has not shown that he lacked notice or constructive knowledge of the filing deadline, and waiting almost ten years to assert his claims does not evince diligence by Hood. Moreover, the prejudice to the USPS of having to defend claims arising from incidents that occurred more than ten years ago is palpable. Finally, Hood does not allege that the USPS or its agents or representatives did anything to mislead Hood or to induce him to miss the filing deadline. *See Leake v. Univ. of Cincinnati*, 605 F.2d 255, 259 (6th Cir. 1979) (noting that "the University's express statements, and plaintiff's reliance thereon, could reasonably have led plaintiff

to delay in the filing of her charges with the EEOC"). Therefore, Hood's claims under the Rehabilitation Act, and, to the extent asserted, his discrimination claims under Title VII, are untimely and subject to dismissal for lack of exhaustion.[4]

Finally, the Court notes that certain allegations suggest that Hood is also claiming that his rights under the FMLA were violated. To the extent Hood intended to assert claims under the FMLA, such claims are barred by the applicable statute of limitations, as the Court has previously explained. *See Hood v. United States Postal Serv.*, No. 1:15-CV-434 (W.D. Mich. May 15, 2015) (dkt. # 6 at Page ID#17.)

**B.     Case Nos. 1:14-CV-1180, 1181**

In Case No. 1:14-CV-1180, Hood alleges that the USPS is liable under 42 U.S.C. § 1983 for employment discrimination and retaliation for engaging in EEO and union activities. In Case No. 1:14-CV-1181, Hood alleges a claim under 42 U.S.C. § 1983 for violation of his equal protection and due process rights.

Hood's claims fail for several reasons. First, except for the claims set forth in Counts 18, 19, and 21 through 24 of his complaints, all of Hood's claims in these cases concern events that occurred before he executed the Settlement Agreement and are thus barred. Second, Hood may not bring a claim under § 1983 against the USPS. *See Dist. of Columbia v. Carter*, 409 U.S. 418, 424, 93 S. Ct. 602, 606 (1973) (noting that § 1983 "deals only with those deprivations of rights that are accomplished under the color of the law of 'any State or Territory" . . . [and] does not reach . . . actions of the Federal Government"). Although a plaintiff may assert an action for constitutional violations by federal officials pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 11999 (1971)—the judicially-created federal counterpart to a

---

[4]The USPS also contends that Hood's appeals to the MSPB and the EEOC did not exhaust Hood's Rehabilitation Act and Title VII claims. Because Hood does not make such an argument, the Court has no need to address it.

9

§ 1983 claim—such an action may be maintained only against individuals and not against federal government agencies. *See FDIC v. Meyer*, 510 U.S. 471, 486, 114 S. Ct. 996, 1006 (1994). Because Hood has not sued any individuals, he cannot state a *Bivens* claim. Finally, notwithstanding that Hood has labeled his claims as claims arising pursuant to § 1983, his claims are merely a restatement of his employment discrimination claims. Because Title VII provides the exclusive remedy for employment discrimination claims, *see Reid v. City of Flint*, No. 96-2150, 1997 WL 428907, at *1 (6th Cir. July 30, 1997), and the Rehabilitation Act provides the exclusive remedy for federal employees alleging discrimination on the basis of disability, *see Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1998), Hood cannot maintain separate claims for employment discrimination under either § 1983 or *Bivens*. *See Stevenson v. United States Post Office*, No. 04-5971 (GEB), 2008 WL 108891, at *4 (D. N.J. Jan. 9, 2008) (concluding that the plaintiff, "as a federal employee bringing suit for discrimination on the basis of disability, cannot put forth a *Bivens* claim").

**C.      Case No. 1:14-CV-1182**

In his complaint in Case No. 1:14-CV-1182, Hood alleges claims under 42 U.S.C. § 1981 for race discrimination. These claims are also subject to dismissal. Because Title VII and the Rehabilitation Act provide the exclusive judicial remedy for federal employees alleging claims of employment discrimination, *see, e.g. Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835, 96 S. Ct. 1961, 1969 (1976), "a federal employee alleging employment discrimination may proceed only under Title VII and may not proceed under § 1981." *Walker v. Henderson*, 4 F. App'x 248, 249 (6th Cir. 2001). Furthermore, for the reasons set forth above, Hood's claims are barred by the Settlement Agreement and are subject to dismissal for the alternative reason that Hood failed to timely exhaust his claims.

**D.     Case Nos. 1:14-CV-1183 and 1:14-CV-1195**

In Case No. 1:14-CV-1183, Hood alleges claims based on disability discrimination under the Rehabilitation Act for failure to provide a reasonable accommodation.  In Case No. 1:14-CV-1195, Hood alleges claims for employment discrimination in violation of Title VII.  These claims are based on the same allegations set forth in Hood's other complaints and, therefore, they are barred by the Settlement Agreement.  In addition, they are subject to dismissal based on lack of timely exhaustion.

**E.     Motion to Amend**

In Case No. 1:14-CV-1104, Hood filed a document titled "Amendment to Complaint," which the Clerk has docketed as a motion for leave to amend.  Hood's motion, in its entirety, states:

> I originally filed this action with the intent to seek to challenge the U.S. MSPB (DH-0752-14-0121-I-1) and the EEOC (0320140058) decision denying Jurisdiction for my complaint, which was submitted to this court on October 24, 2014.  I submitted copies of both decisions with my original complaint and copies of any exhibits with the CD that I provided to the Court.  I wish to challenge the decision from both the U.S. MSPB and the EEOC.  My prayer is that this court accepts my amended complaint.

(Dkt. # 20.)

Pursuant to Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely five leave [to amend] when justice so requires."  Justice does not require leave to amend in this case.  A district court may deny a proposed amendment if it is futile.  *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Id.* (internal quotation marks omitted).  Hood has not filed a proposed amended complaint setting forth his basis for seeking review of the MSPB and EEOC final orders, in which both agencies concluded that they lacked jurisdiction over Hood's case.  Pursuant to Federal Rule of Civil Procedure 8(a), for a pleading to state a claim, it must contain a short and plain statement showing the basis for the court's jurisdiction, a short and

plain statement of the claim showing that the pleader is entitled to relief, and a demand for relief. Fed. R. Civ. P. 8(a)(1)–(3). Because Hood has not submitted a proposed complaint, there is no indication that any such filing would state a claim for relief. Moreover, even if Hood had filed a proposed amended complaint, this Court would lack jurisdiction over such action because, "when the MSPB dismisses a claim for lack of jurisdiction, even one alleging discrimination, the action is no longer a 'mixed case' and the district court does not have jurisdiction to hear the appeal of the MSPB's decision." *Rivera v. Mabus*, No. 10-2790, 2011 WL 1045063, at *3 (E.D. Pa. Mar. 22, 2011). Instead, "where a 'mixed case' brought before the MSPB is dismissed for lack of jurisdiction, the Federal Circuit is the exclusive appellate forum." *Sloan v. West*, 140 F.3d 1255, 1261 (9th Cir. 1998); *see also Burzynski v. Cohen*, 264 F.3d 611, 621 (6th Cir. 2001) ("In the case at bar, the Board's determination that plaintiff's claim was frivolous and that it lacked jurisdiction gives the Federal Court exclusive jurisdiction over plaintiff's constructive discharge claim."). Given that the MSPB dismissed Hood's claims because Hood failed to make a non-frivolous allegation that the MSPB had jurisdiction over his appeal, this Court would lack jurisdiction over Hood's proposed action. Accordingly, Hood's motion to amend will be denied.

## IV. Conclusion

For the foregoing reasons, the Court will grant the USPS's motions to dismiss in all of the foregoing cases and dismiss Hood's complaints with prejudice. In addition, the Court will deny Hood's motion to amend in Case No. 1:14-CV-1104.

Orders consistent with this Opinion will enter.

Dated: July 10, 2015                                    /s/ Gordon J. Quist
                                                                               GORDON J. QUIST
                                                           UNITED STATES DISTRICT JUDGE