UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JULIAN R. HOOD, JR.,

    Plaintiff,

v.

MEGAN J. BRENNAN, Postmaster,
United States Postal Service,

    Defendant.

_____/

HON. GORDON J. QUIST

Case No. 1:14-CV-1104

Filed in Case Nos. 1:14-CV-1180;
1:14-CV-1181; 1:14-CV-1182;
1:14-CV-1195; 1:15-CV-434;
1:15-CV-435; 1:15-CV-436;
1:16-CV-665

**MEMORANDUM OPINION REGARDING MOTION FOR RELIEF
FROM JUDGMENT, FRAUD ON THE COURT, AND
INTRINSIC/EXTRINSIC FRAUD**

Plaintiff, Julian R. Hood, Jr., has filed numerous lawsuits in this district and other federal courts alleging claims arising out of his employment with the United States Postal Service (USPS). Hood's employment with the USPS terminated in April of 2004. Hood filed an Equal Employment Opportunity complaint of discrimination with the USPS, and in November 2005 Hood settled his claims pursuant to a settlement agreement.

Hood commenced his onslaught of litigation in this district in 2014, and six of his cases, Nos. 1:14-CV-1104, 1180, 1181–83, and 1195, were assigned to the undersigned district judge. On July 10, 2015, the Court entered an Opinion and a separate Order granting Defendant's motion to dismiss and dismissing all of the 2014 cases. On July 18, 2015, the Court denied Hood's motions for reconsideration in the 2014 cases. Hood appealed Case No. 1:14-CV-1104 to the United States Court of Appeals for the Sixth Circuit, which affirmed this Court's order dismissing Hood's

complaint in an order entered on February 3, 2017. *Hood v. Brennan*, No. 15-1937, unpublished order (6th Cir. Feb. 3, 2017).[1]

In 2015, Hood filed three more cases, Nos. 1:15-CV-434–36. In May of 2015, this Court screened Hood's complaints pursuant to 28 U.S.C. § 1915(e)(2) and dismissed them as time-barred. Hood appealed all three cases to the Sixth Circuit, which reversed the dismissals on the ground that this Court failed to afford Hood an opportunity to argue equitable tolling. Following remand, this Court again screened and dismissed Hood's complaints, concluding that Hood was not entitled to equitable tolling and that Hood's claims were barred by the doctrine of claim preclusion. Hood appealed all three cases, which remain pending before the Sixth Circuit.

Finally, on June 2, 2016, the District of Columbia transferred one of Hood's cases to this district, which was assigned to the undersigned district judge as Case No. 1:16-CV-665. On December 19, 2016, this Court entered an Opinion and Order dismissing Hood's complaint as barred by the doctrine of claim preclusion. Hood appealed the dismissal to the Sixth Circuit, and that appeal remains pending.

Hood has now filed in each of the above-mentioned cases a motion for relief from judgment asserting fraud on the court and intrinsic and extrinsic fraud.[2] His motion is without merit and will be denied.

Initially, the Court notes that it may consider Hood's motion as to all cases, including those currently on appeal before the Sixth Circuit. Although a district court generally lacks jurisdiction over a case on appeal, *see Post v. Bradshaw*, 422 F.3d 419, 421 (6th Cir. 2005) (noting that an

---

[1] Hood also appealed Case Nos. 1:14-CV-1183 and 1195, but the court of appeals dismissed those cases for lack of prosecution.

[2] Hood did not file his motion for relief in Case No. 1:14-CV-1183 before the undersigned. However, Hood filed his motion for relief in all but one of his cases pending before the other judges in this district.

2

appeal deprives a district court of jurisdiction to decide a Rule 60(b) motion), Federal Rule of Civil Procedure 62.1, adopted in 2009, addresses the instant situation.  Rule 62.1 provides:

> (a) Relief Pending Appeal.  If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>  (1) defer considering the motion;
>  (2) deny the motion; or
>  (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62(a).  Pursuant to the rule, the Court will deny the motions.

Hood states that he brings his motions pursuant to Rules 60(b) and 60(d).  Rule 60(b) provides that

> the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence . . . ;
> (3) fraud (wether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Hood fails to establish any basis for relief from judgment under Rule 60(b).

First, although Hood's motion focuses primarily on his allegations of fraud under Rule 60(b)(3), he apparently also seeks relief under subdivision (b)(1), as he asserts that "[t]here is a clear misapplication of law in regards to my entitlement to FMLA coverage for periods that I requested leave but was fraudulently denied."  (ECF No. 46 at PageID.250.)  It appears that Heard is not referring to this Court's order, but instead to the USPS's denial of his requested FMLA leave prior to the settlement agreement.  This Court did not decide the merits of Hood's FMLA claim, but

instead said that any such claim is barred by the settlement agreement—a ruling that the Sixth Circuit has now affirmed. Hood has shown no basis for relief under subsection (b)(1).

Second, invoking subsection (b)(3), Hood says that "Defendants concealed and conspired to conceal conclusive extrinsic fraud and fraud on the Court evidence." (*Id.* at PageID.246.) Hood's reliance on events that occurred almost a decade before he filed the instant cases to establish fraud under Rule 60(b)(3) is misplaced. "Rule 60(b)(3) clearly requires the moving party to show the adverse party committed a deliberate act that impacted the fairness of the relevant legal proceeding [in] question." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 455 (6th Cir. 2008) (internal quotation marks omitted). For purposes of Hood's motion, the relevant legal proceedings are the cases before this Court and do not include Hood's dealings with the USPS prior to or after the time he entered into the release agreement. Hood fails to show that Defendant did anything in any of the cases before this Court that impacted the fairness of the proceedings. In fact, in the 2015 cases now on appeal, neither Defendant nor her counsel could have possibly done anything to impact the fairness of these cases because the Court screened and dismissed the cases prior to service.

Finally, although Hood cites Rule 60(b)(6), he cites no meritorious grounds for applying it. "Rule 60(b)(6) should apply 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). Hood fails to cite any exceptional or extraordinary circumstances for relief pertaining to the proceedings in the cases before this Court.

In addition to Rule 60(b), Hood invokes fraud on the court under Rule 60(d) as a basis for setting aside the prior orders. But Hood misapprehends the basis for a claim of fraud on the court. As defined by the Sixth Circuit, fraud on the court is:

> [C]onduct: (1) On the part of an officer of the court; (2) That is directed to the "judicial machinery" itself; (3) That is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth; (4) That is a positive averment or is concealment when one is under a duty to disclose; (5) That deceives the court.

*Workman v. Bell*, 245 F.3d 849, 852 (6th Cir. 2001) (quoting *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993)). In his 36-page submission, Hood offers nothing to establish the elements of fraud on this Court. Hood does not allege that defense counsel made any intentionally false statement to this Court or failed to disclose anything that counsel had a duty to disclose. There is no basis to conclude that any fraud was perpetrated on this Court.

The crux of Hood's motion seems to be that Hood actually wants to amend his complaint to allege that the USPS and its representatives or agents fraudulently represented to Hood that he was not entitled to FMLA leave or that he had no FMLA claim, and thus fraudulently induced Hood to sign the settlement agreement. Hood argues that such claim presents grounds to set aside the settlement agreement. But, because final judgments have been entered in these cases, Hood does not automatically have a right to amend. "Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002). "Unless postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a) of the Federal Rules of Civil Procedure." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008) (internal quotation marks, alterations, and brackets omitted). For the reasons set forth above, Hood is not entitled to postjudgment relief. *See Gough v. Transamerica Life Ins. Co.*, No. 4:09CV-001120, 2011 WL 3274244, at *3 (W.D. Ky. June 30, 2011) (denying the plaintiffs' motion for leave to file an amended complaint because "Plaintiffs have not satisfied the requirements necessary to set aside or

vacate the judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b)"). Accordingly, Hood may not amend his complaint.

  For the foregoing reasons, the Court will deny Hood's motion for relief from judgment in each of these cases.

  A separate order will enter in each case.


Dated: March 21, 2017             /s/ Gordon J. Quist
                        GORDON J. QUIST
                     UNITED STATES DISTRICT JUDGE